UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

|  |  |  |
|---|---|---|
| MARVIN D. REED, | : | CASE NO. 3:14-CV-00701 |
| Petitioner, | : | |
| vs. | : | OPINION & ORDER |
|  | : | [Resolving Doc. No.1 ] |
| WARDEN A. LAZAROFF, | : | |
| Respondent. | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Petitioner Marvin D. Reed filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.  He is currently incarcerated in the Mansfield Correctional Institution, having pled guilty in 2006 to one count of trafficking in cocaine, one count of preparation of cocaine for sale, one count of trafficking in crack cocaine, and one count of failure to comply with the order of a police officer.  He was sentenced to twelve years incarceration and a mandatory five years of post release control.  In this Petition, he claims he is entitled to habeas relief because the trial court did not notify him of the terms of post release control applicable to each count for which he was convicted, and denied his Motion for Determination of Status of Proceedings. For the reasons set forth below, the Petition is denied and the action is dismissed.

**I. Background**

Petitioner was indicted in 2005 in two multi-count indictments.  He pled guilty to several counts, all felonies of the first, second, or third degree, on October 24, 2006.  He was sentenced to twelve years incarceration and a mandatory five years of post release control, which was the

longest period of post release to which he could be sentenced under the Ohio Revised Code. Petitioner appealed his conviction and sentence asserting grounds which are not relevant to this Petition.

Petitioner filed a *pro se* Motion for Resentencing on April 14, 2011, and a Motion for Determination of the Status of Proceedings on April 26, 2011. He argued that although the court at sentencing informed him of the term of post release control he would serve for the first degree felony of which he had been convicted, it failed to inform him of the terms of post release control to which he could have been sentenced for his convictions for second and third degree felonies. He asserted that this rendered his sentence void. He further reasoned that an unreasonable length of time had passed since his conviction and the trial court could not now conduct a sentencing hearing and impose a valid sentence. He argued that the court should examine the status of his case, and release him from prison. The trial court denied the Motions.

Petitioner appealed that decision to the Ohio Sixth District Court of Appeals asserting the same grounds for relief. The Court of Appeals noted that although each offense for which Petitioner was convicted carried a term of post release control, the trial court could only sentence him to one term of post release control pursuant to Ohio Revised Code § 2967.28(F)(4)(c), and that term was required to be the longest term offered by the statute. The longest term of post release control applicable to Petitioner's convictions was five years. The Court of Appeals concluded that the trial court correctly notified and sentenced Petitioner to a term of five years of post release control and was not required to notify him of every lesser terms of post release control to which he could have been sentenced. His sentence was not void, and he was not entitled to release due to a delay between his conviction and his sentence.

Petitioner appealed that decision to the Ohio Supreme Court on January 13, 2013. The Court declined to accept jurisdiction on April 24, 2013.

Petitioner has now this Petition for a Writ of Habeas Corpus asserting the same two grounds for relief:

> 1. The trial court erred when it denied Appellant's Motion for Sentencing.
>
> 2. The trial court erred when it denied Appellant's Motion for Determination of Status of Proceedings.

(Pet. Doc. No. 1 at 5-6). In support of each ground, he refers the Court to his brief to the Ohio Sixth District Court of Appeals.

## II. Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)). Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008). The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas

relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).

A decision is contrary to clearly established law under §2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). In order to have an "unreasonable application of ... clearly established Federal law," the state-court decision must be "objectively unreasonable," not merely erroneous or incorrect. *Id.* at 409. Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta. *Id.* at 415.

A state court's determination of fact will be unreasonable under §2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003). In other words, a state court's determination of facts is unreasonable if its finding conflict with clear and convincing evidence to the contrary. *Id.* "This standard requires the federal courts to give considerable deference to state-court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir.2007). AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998).

### III. Analysis

Although the claims in this Petition were properly presented to the state courts, they are not cognizable in a habeas corpus petition because they are stated solely as violations of state law. Generally, a federal habeas court sitting in review of a state court judgment will not second guess a state court's decision concerning matters of state law. *Gall v. Parker*, 231 F.3d 265, 303 (6th Cir. 2000) ("Principles of comity and finality equally command that a habeas court can not revisit a state court's interpretation of state law, and in particular, instruct that a habeas court accept the interpretation of state law by the highest state court on a petitioner's direct appeal."). It is especially inappropriate for a federal habeas court to set aside a state court's ruling on an issue of state law where, as in the present situation, Ohio's appellate courts have already found Petitioner's claim of a violation of his Ohio statutory rights to be meritless. Petitioner's claims based solely on errors of state law are not redressable through the federal habeas process. *Id.*

### IV. Conclusion

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

Dated: August 20, 2014                    *s/          James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE